J.A. JONES CONSTRUCTION COMPANY *et al.*, Plaintiffs-Appellees, v. HARTFORD FIRE INSURANCE COMPANY, Defendant-Appellant.

First District (4th Division)    No. 1—93—0061

Opinion filed January 5, 1995.—Rehearing denied February 2, 1995.

Hinshaw & Culbertson, of Chicago (Stephen R. Swofford, David H. Levitt, and Nancy G. Lischer, of counsel), for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Michael A. Pollard, Edward J. Zulkey, Ronald L. Ohren, and Matthew W. Ferguson, of counsel), for appellees.

JUSTICE CAHILL delivered the opinion of the court:

Hartford Fire Insurance Company (Hartford) appeals a summary judgment for J.A. Jones Construction Company (Jones) in a declaratory judgment action. The trial court ruled that Hartford owed a duty to defend Jones in an underlying personal injury action. The court also ruled that Hartford was estopped from raising policy defenses.

We affirm the grant of summary judgment but reverse the finding of estoppel.

Jones was the general contractor for a construction project in Chicago. Jones contracted with PPG Industries, Inc. (PPG), to install a glass wall at the site. The contract required PPG to indemnify Jones for third-party bodily injury and property damage claims "arising out of PPG's work." PPG's insurer, Hartford, provided Jones with certificates of insurance naming Jones as an additional insured.

John McGovern, an employee of PPG, was injured while working at the site and sued Jones for negligence. McGovern did not allege that his employer, PPG, was negligent. Jones and its insurer, Aetna, tendered the defense to Hartford based upon the insurance policy Hartford issued to PPG naming Jones as an additional insured. Hartford refused. Aetna defended Jones in the action by McGovern.

Jones and Aetna then filed this declaratory judgment action alleging that Hartford owed a duty to defend and indemnify Jones in the McGovern lawsuit. Jones moved for summary judgment arguing that it was an additional insured under the comprehensive general liability insurance policy Hartford issued to PPG. Hartford filed a

cross-motion for summary judgment arguing that its policy did not cover Jones for the incident involving McGovern. The trial court granted summary judgment for Jones. Hartford appeals.

This court reviews summary judgment orders *de novo* and may affirm the trial court's result on any basis the record permits. *Uehara v. Schlade* (1992), 236 Ill. App. 3d 252, 260, 603 N.E.2d 646.

Hartford argues on appeal that the policy does not cover Jones for the incident in which McGovern was injured. It cites in support two policy endorsements which relate to additional insureds. The first states:

> "Name of Person or Organization (Additional Insured):
> ALL OWNERS & CONTRACTORS *REQUIRED BY SPECIFIC CONTRACT* TO BE INCLUDED AS ADDITIONAL INSUREDS." (Emphasis added.)

The second states:

> "WHO IS AN INSURED (Section II) is amended to include as an insured any person or organization with whom you have agreed, *because of a written contract or agreement,* to provide insurance such as is afforded under this policy, but only with respect to your operations, 'your work' or facilities owned or used by you." (Emphasis added.)

■ Hartford summarizes these endorsements to require that "before an entity or person is an additional insured, PPG had to be under a contractual obligation to provide insurance coverage." We agree that the endorsements so state. Hartford then concludes that because PPG only contracted to indemnify Jones for PPG's negligence, the policy does not cover Jones for a suit by McGovern which alleges that Jones, but not PPG, was negligent. We disagree. There is no dispute that McGovern, when injured, was an employee of PPG performing work PPG had contracted to do. The endorsements do not limit coverage to injuries attributable to PPG's negligence.

Hartford also provided Jones with certificates of insurance which name Jones as an additional insured. The certificates state, "This insurance provides additional coverage to the additional insureds listed above *to the extent of PPG Industries' negligence.*" (Emphasis added.) Hartford devotes its brief to arguments that presume the certificates modify PPG's contractual obligation to provide insurance only to the extent of PPG's negligence. But the certificates do not modify the policy. They announce in bold, prefatory language: "This certificate does not amend, extend or alter the coverage afforded by the policies below." The only issue then is whether Hartford is required to defend Jones in the McGovern action *under the policy* it issued to PPG. A liability insurer is required to defend if the complaint makes allega-

tions that bring the claim within or potentially within the coverage of the policy. *Casualty Insurance Co. v. Northbrook Property & Casualty Insurance Co.* (1986), 150 Ill. App. 3d 472, 501 N.E.2d 812.

Hartford's argument, that it has no duty to defend because PPG was contractually obligated to provide insurance to the extent of PPG's negligence, ignores the coverage provided under the policy. The comprehensive general liability insurance policy covers additional insureds for third-party claims of bodily injury and property damage. Additional insureds are "all owners and contractors required by specific contract to be included as additional insureds." There is no dispute that Jones is required by contract to be included as an additional insured.

Hartford argues that the endorsement language limits policy coverage of additional insureds *to the extent of coverage* required by contract. We do not find these limiting words in the policy, nor will we read them into it. The policy does not state that additional insureds are only additional insureds to the extent required by contract. The argument is rooted in a presumption that the certificates modify the policy, even though they announce in plain language that they do not. If Hartford had intended to limit its coverage to that required by contract, it could have done so by stating that the level of insurance provided to additional insureds is only that level which is required under the contract between the additional insured and the named insured. It did not do so. The policy endorsements identify *who* is an additional insured, not the level of coverage. Their focus is on whether the named insured contracted to obtain insurance, not what level of insurance the named insured contracted to obtain. Jones is entitled to the level of coverage Hartford provides under the policy.

■ Hartford next argues that the trial court erred when it ruled that Hartford was estopped from raising policy defenses. Where the complaint presents a case of potential coverage, the insurer must either defend under a reservation of rights or seek a declaratory judgment that there is no coverage. If the insurer fails to exercise one of these two options, it is estopped from raising policy defenses in a later action. (*Murphy v. Urso* (1981), 88 Ill. 2d 444, 451, 430 N.E.2d 1079.) Estoppel, however, is based on conduct by the insurer which misleads the insured to its detriment or causes prejudice. *Salloum Foods & Liquor, Inc. v. Parliament Insurance Co.* (1979), 69 Ill. App. 3d 422, 429, 388 N.E.2d 23.

Jones and Aetna filed this declaratory judgment action within eight months after Hartford refused to defend. Hartford sought a determination of its responsibility under the policy when it filed its

cross-motion for summary judgment. Jones does not allege that it was misled to its detriment or that it was prejudiced because it filed the declaratory judgment action, rather than Hartford. (See *Village of Melrose Park v. Nautilus Insurance Co.* (1991), 214 Ill. App. 3d 864, 867, 574 N.E.2d 198 (it is the fact of the declaratory judgment that is of legal import, and not the identity of the party initiating the proceeding).) We reverse the court's ruling that Hartford is estopped from raising policy defenses.

Affirmed in part; reversed in part and remanded.

HOFFMAN, P.J., and JOHNSON,[1] J., concur.

---

[1]Justice Johnson participated in the disposition of this case prior to his retirement.