SIXTH DIVISION

                                         September 11, 1998

No. 1-97-1806

JOHN BURNS CONSTRUCTION COMPANY and, )  Appeal from the

ROYAL INSURANCE COMPANY,                )  Circuit Court of

                     )  Cook County

Plaintiffs-Counterdefendants-Appellants,)

)

v. )  No. 96 CH 5539

)

INDIANA INSURANCE COMPANY, )            

)                

Defendant-Counterplaintiff-Appellee, )                   

                                        )

    and                                 )

                                        )             

SIDNEY GAULT,                           )  Honorable      

                                        )  Thomas Durkin, 

Defendant-Counterdefendant-Appellee.    )  Judge Presiding.

JUSTICE QUINN delivered the opinion of the court:

Plaintiffs, John Burns Construction Company (John Burns) and Royal Insurance Company (Royal), appeal from the trial court's order granting defendant, Indiana Insurance Company's (Indiana Insurance) motion for judgment on the pleadings.  At issue is whether an insurer to whom litigation is tendered may seek contribution from another insurer whose policy is applicable, where the insurer to whom tender is made has an "other insurance" clause in its policy, even though such action is contrary to the wishes of the insured.  John Burns and Royal also appeal from the trial court's order denying their motion for leave to file an 

amended complaint.   

In October 1993, John Burns subcontracted with Sal Barba Asphalt Paving, Inc. (Barba), to pave the parking lot at the Harvard, Illinois, Metra commuter rail station.  Under the subcontract, Barba agreed to maintain insurance for John Burns under its insurance policy.  Barba had an insurance policy with Indiana Insurance Company, effective from March 31, 1994, to March 31, 1997.  Barba arranged for an endorsement to be added to this insurance policy naming John Burns as an additional insured, effective July 5, 1994.  

On December 8, 1994, Sidney Gault (Gault) fell and was injured in the parking lot adjacent to the Harvard Metra train station.  Gault filed a lawsuit in September 1995, under case No. 95 L 13295, alleging the negligence of various defendants, including John Burns for the paving work.  

John Burns notified Barba of the lawsuit and requested that Barba's insurance company, Indiana Insurance Company, defend and indemnify John Burns.  John Burns made this tender to Indiana Insurance through Barba in a letter dated September 20, 1995, on the basis that it was a primary carrier, based on 
Institute of London Underwriters v. Hartford Fire Insurance Co.
, 234 Ill. App. 3d 70, 599 N.E.2d 1311 (1992).  In the same letter, John Burns stated that it looked solely to Barba's insurer, Indiana Insurance, for defense and indemnification.  John Burns also advised Barba in the letter that it gave notice to its own insurance carrier, Royal, for "informational purposes only" and that it requested that Royal not become involved in the litigation.

In a letter to Johns Burns dated October 25, 1995, Indiana Insurance declined to defend John Burns in the Gault litigation.  Indiana Insurance stated that it believed it did not have a duty to defend John Burns because Gault's injuries were not sustained during the operative period of the contract for the paving work.  Indiana Insurance stated that it had retained counsel, the law firm of Condon & Cook, while it investigated the matter, but that it would instruct counsel to withdraw his appearance.  

John Burns then sought defense from Royal in the Gault litigation.  The case was subsequently settled after the trial court granted Indiana Insurance's motion for summary judgment.  The court's order required Royal and Indiana to share in the costs of defense and indemnification.  

John Burns and Royal filed a complaint for declaratory judgment on May 29, 1996.  The complaint sought a declaration from the court that Indiana Insurance had a duty to defend and indemnify John Burns in the Gault litigation.  Indiana Insurance filed an answer on October 25, 1996, admitting that the endorsement on the insurance policy providing for John Burns as an additional insured provided coverage for John Burns.  

Indiana Insurance also filed a counterclaim for declaratory judgment, admitting that it owed John Burns the duty to defend but requesting a declaration by the court that Royal and Indiana Insurance both contribute equally to John Burns' defense and indemnification, based on the fact that both insurance policies had an "other insurance" provision.  Indiana Insurance's policy stated the following:  

"4.  Other Insurance.

If other valid and collectible insurance is 

available to the insured for a loss we cover 

under Coverage A or B of this Coverage Part, 

our obligations are limited as follows:

a.   Primary Insurance

This insurance is primary except when b. below applies.  If this insurance is 

primary, our obligations are not 

affected unless any of the other 

insurance is also primary.  Then, we 

will share with all that other insurance 

by the method described in c. below. 

b.   Excess Insurance

This insurance is excess over any of the other insurance, whether primary, 

excess, contingent or on any other 

basis:

(1)  That is Fire, Extended Coverage, 

Builder's Risk, Installation Risk 

or similar coverage for `your 

work';

(2)  That is Fire Insurance for premises rented to you; or 

(3)  If the loss arises out of the 

maintenance or use of aircraft, 

`autos' or watercraft to the extent not subject to Exclusion g. of 

Coverage A (Section 1).  

***

c.   Method of Sharing

If all of the other insurance permits 

contribution by equal shares, we will 

follow this method also.  Under this 

approach each insurer contributes equal 

amounts until it has paid its applicable limit of insurance or none of the loss 

remains, whichever comes first ***."    

In their answer to the counterclaim, John Burns and Royal admitted that Royal's insurance policy contains a clause similar to Indiana Insurance's, but denied that the "other insurance" provisions were relevant, based on the ground that it had made a tender of defense on a primary basis solely to Indiana Insurance based on the 
Institute
 case.  
Institute
, 234 Ill. App. 3d 70, 599 N.E.2d 1311.  

In November 1996, Indiana Insurance filed a motion for judgment on the pleadings, arguing that both Indiana Insurance and Royal should share the cost of defense.  John Burns and Royal responded and filed a motion for summary judgment, arguing that John Burns had a right to elect which of the insurers should defend the Gault case.  

On March 24, 1997, the trial court heard argument on the motions and granted Indiana Insurance's motion for judgment on the pleadings and denied John Burns' motion for summary judgment.  The court held that Burns' tender to Royal after Indiana Insurance's refusal to accept the tender made Royal liable under the Royal policy.  The court held that both insurance companies had to contribute equally to John Burns' defense and indemnification.  

On April 11, 1997, John Burns and Royal filed a motion for leave to file an amended complaint.  The amended complaint added  a third count to the complaint for declaratory judgment
.  The newly added proposed count III stated that Royal's insurance policy was excess to Indiana Insurance policy's coverage and in support cited an excess insurance clause in Royal's policy.  The motion was argued before the court on April 23, 1997.  The trial court denied the motion.  

John Burns and Royal appeal from the March 24, 1997, order granting Indiana Insurance's motion for judgment on the pleadings, and from the April 23, 1997, order denying John Burns' and Royal's motion for leave to file an amended complaint.  

Two issues are presented for review:  (1) whether the trial court erred in granting Indiana Insurance's motion for judgment on the pleadings and denying John Burns' and Royal's motion for summary judgment; and (2) whether the trial court erred in denying John Burns' and Royal's motion for leave to file an amended complaint.  For the following reasons, we affirm the order granting Indiana Insurance's motion for judgment on the pleadings and denying John Burns' and Royal's motion for summary judgment, and affirm the order denying John Burns' and Royal's motion for leave to file an amended complaint.  

Under section 2-615 of the Illinois Code of Civil Procedure, any party may move for judgment on the pleadings.  735 ILCS 5/2-

615(e) (West 1994).  On a motion for judgment on the pleadings, filed by a defendant prior to the filing of an answer, the only issue before the court is whether the complaint or a particular count thereof states a cause of action upon which relief can be granted.  
Mitchell v. Norman James Construction Co.
, 291 Ill. App. 3d 927, 932, 684 N.E.2d 872 (1997).  A grant of a defendant's motion for judgment on the pleadings is appropriate only where the plaintiff's complaint is legally insufficient such that the plaintiff can prove no set of facts that would entitle it to relief.  
Abbott-Interfast Corp. v. Harkabus
, 250 Ill. App. 3d 13, 16, 619 N.E.2d 1337 (1993).  

This court reviews summary judgment orders 
de novo
 and may affirm the trial court's ruling on any basis in the record.  
J.A. Jones Construction Co. v. Hartford Fire Insurance Co.
, 269 Ill. App. 3d 148, 150, 645 N.E.2d 980 (1995).  

At issue is whether an insurer to whom litigation is tendered may seek contribution from another insurer whose policy is applicable, where the insurer to whom tender is made has an "other insurance" clause in its policy, even though such action is contrary to the wishes of the insured.  We hold that it can.

In the instant case, Indiana admitted that it had a duty to defend John Burns but sought contribution from Royal for half of the cost of defense and indemnification.  Indiana argues on appeal that, even though John Burns tendered only to Indiana, the fact that Royal knew of the litigation constituted actual notice sufficient to trigger its duty to defend John Burns.  Thus, since Royal had a duty to defend, it did not matter that John Burns made tender only to Indiana.  

The trial court ruled that Royal also had a duty to defend John Burns because, after Indiana refused to accept the tender, John Burns subsequently tendered to Royal, thereby indicating that it "no longer sought exclusive coverage from Indiana."  

In making its ruling, the trial court relied on  
Institute of London Underwriters v. Hartford Fire Insurance Co.
, 234 Ill. App. 3d 70, 599 N.E.2d 1311 (1992), in granting Indiana's motion for judgment on the pleadings.  
Institute
 held that an insured may elect which of its insurers is to defend and indemnify a claim by tendering its defense to one insurer and not the other, and thus foreclose the settling insurer from obtaining contribution from the nonsettling insurer.  In 
Institute
, Great Lakes was Hartford's insured and an additional insured under Institute's policy.  
Institute
, 234 Ill. App. 3d at 71.  A law suit was filed, and Great Lakes tendered the defense to Institute and did not tender its defense to its own insurer, Hartford.  
Institute
, 234 Ill. App. 3d at 72.  Institute defended Great Lakes and settled the case and then filed a declaratory judgment action against Hartford for half of the settlement amount in contribution.  
Institute
, 234 Ill. App. 3d at 71.  The trial court's grant of summary judgment in favor of Hartford was affirmed on appeal.  This court held that where two insurance policies apply, the insured may elect which insurer it wishes to defend and indemnify the claim by tendering the defense to one insurer and not the other.  
Institute
, 234 Ill. App. 3d at 78-80.  This court also held that such an election forecloses the settling insurer from obtaining contribution from the nonsettling insurer for the cost of the defense.  
Institute
, 234 Ill. App. 3d at 80.  

Institute
, however, is distinguishable from the instant case.  The critical distinction that is dispositive of this case is that, in 
Institute
, the insurance company to whom tender was made, Institute, did not have an "other insurance" clause in its policy, so it could not seek contribution from the second insurance carrier, Hartford.  
Institute
, 234 Ill. App. 3d at 71.  Thus, this court held that Hartford was not required to contribute to the settlement costs of the litigation under the "other insurance" clause in Hartford's policy because the policy was not triggered where no tender was made to Hartford.  
Institute
, 234 Ill. App. 3d at 77.  Here, conversely, Indiana had an "other insurance" clause, so when John Burns tendered the claim to Indiana, Indiana could seek contribution for the defense from the other insurer, Royal.  Here, John Burns' tender to Indiana triggered the "other insurance" clause in Indiana's policy.  

However, we reject the trial court's reasoning that Royal's duty to defend was triggered by John Burns' subsequent tender to it because this action indicated that John Burns no longer sought an exclusive defense from Indiana.  It was not John Burns' subsequent tender to Royal that triggered Royal's duty to defend; rather, the initial tender to Indiana triggered the "other insurance" clause in Indiana's policy, which in turn triggered Royal's duty to defend.  

Were we to hold otherwise, the "other insurance" clause would be judicially written out of Indiana's policy.  John Burns and Royal could have bargained for any provisions in their policy that would have avoided the result in this case, such as making Royal's policy excess to that of Indiana.  However, they did not do so, and we must give effect to the insurance policies as they are written.  Under Indiana's "other insurance" clause, Royal also had a duty to defend John Burns and must contribute equally to the costs of the defense of the underlying litigation.  

Next, John Burns argues that Indiana should be estopped from raising any policy defenses where it was prejudiced when it was forced to then tender its defense to Royal.  Where a complaint presents a case of potential coverage, the insurer must either defend under a reservation of right or seek a declaratory judgment.  
J.A. Jones Construction Co. v. Hartford Fire Insurance Co.
, 269 Ill. App. 3d 148, 151, 645 N.E.2d 980 (1995).  An insurer that fails to exercise either of these two options will be estopped from later raising any policy defenses.  
J.A. Jones
, 269 Ill. App. 3d at 151.  Estoppel is based on conduct by the insurer which misleads the insurer or causes prejudice.  
J.A. Jones
, 269 Ill. App. 3d at 151.  

Here, Indiana neither proceeded to defend John Burns under a reservation of rights, nor did it seek a declaratory judgment.  However, John Burns and Royal filed their declaratory judgment action before the underlying case was disposed of.  Once the declaratory judgment action was filed, Indiana admitted that it wrongfully declined to defend John Burns.  Indiana has not raised any policy defenses in this case.  We affirm the trial court's ruling that Indiana should not be estopped from asserting its coverage position due to lack of prejudice to Royal or John Burns.  Thus, we affirm the trial court's grant of judgment on the pleadings to Indiana, though on an entirely different basis from the trial court's ruling.  

John Burns' and Royal's second argument on appeal is that the trial court abused its discretion in denying their motion to file an amended complaint to add a third count.  

Section 2-1005(g) of the Code of Civil Procedure provides the following with respect to amendments:

"(g) Amendment of pleading.  Before or after the entry of a summary judgment, the court shall permit pleadings to be amended upon just and reasonable terms."  735 ILCS 5/2-1005 (g)(West 1994).  

Under this section, the right to amend is very broad.  
In re Estate of Hoover
, 155 Ill. 2d 402, 416, 615 N.E.2d 736 (1993).  A trial court's determination whether to allow or deny a pleading amendment is a matter of discretion and will not be reversed absent an abuse of discretion.  
Hoover
, 155 Ill. 2d at 416
.  The Illinois Supreme Court has adopted four factors to use in determining whether a trial court's denial of a party's motion to amend is an abuse of discretion: (1) whether the proposed amendment would cure the defective pleading; (2) whether the proposed amendment would surprise or prejudice the opposing party; (3) whether the proposed amendment was timely filed; and (4) whether the movant had previous opportunities to amend.  
Loyola Academy v. S&S Roof Maintenance, Inc.
, 146 Ill. 2d 263, 273, 586 N.E.2d 1211 (1992). 

Here, the trial court did not abuse its discretion in denying John Burns' and Royal's motion to file an amended complaint.  It is clear that Royal had abundant opportunities to amend the complaint to add the count based on the excess carrier provision in its own policy.  

Therefore, we affirm the trial court's order granting judgment on the pleadings to Indiana and hold that both insurance companies were to contribute equally to John Burns' defense and indemnification under the "other insurance" clause in Indiana's policy.  We also affirm the trial court's order denying John Burns' and Royal's motion to amend the complaint. 

Affirmed.  

CAMPBELL, P.J., and GREIMAN, J., concur.