BITUMINOUS CASUALTY CORPORATION, Plaintiff-Appellee, v. ROYAL INSURANCE COMPANY OF AMERICA, Defendant-Appellant.

Third District    No. 3—98—0183

Opinion filed November 25, 1998.

William E. Spizzirri (argued), of Kralovec & Marquard, Chartered, of Chicago, for appellant.

Hector L. Lareau (argued) and Eric F. Schwartz, both of Snyder & Schwartz, P.C., of Rock Island, for appellee.

JUSTICE SLATER delivered the opinion of the court:

Shortly after settling an underlying personal injuries claim against Johnson Construction, Bituminous Casualty Corporation brought suit against Royal Insurance Company in an attempt to recover half the settlement monies expended. On cross-motions for summary judgment, the trial court determined that Bituminous was entitled to contribution and ordered Royal to pay $26,251.34. Royal appeals, contending that its obligation to defend and indemnify Johnson Construction was excused by the targeted tender to Bituminous.

FACTS

Glenn H. Johnson Construction Company was the general contractor responsible for constructing an Eagle Food store in Jacksonville, Illinois. Johnson Construction maintained a general liability insurance policy issued by Royal Insurance that provided coverage for the construction project.

Johnson Construction hired Builders Sales and Service, Inc., as a subcontractor. The subcontract agreement required that Johnson Construction be named as an additional insured on Builders Sales' general liability policy from Bituminous Casualty Corporation and that Bituminous handle any claims arising out of work performed by the subcontractor. This procedure of shifting the risk to the subcontractor's insurance allowed Johnson Construction to minimize its own loss history and to maintain lower premiums. For the relevant time period, Johnson Construction was listed as an additional insured on the Bituminous policy.

David Peterman, an employee of Builders Sales and a plaintiff in the underlying personal injuries suit against Johnson Construction, sought damages resulting from alleged injuries sustained by Peterman while working at the construction site.

Sheroll Ritchie, controller and secretary of Johnson Construction, testified that she notified both Royal and Bituminous of Peterman's claim. However, Ritchie advised Royal that it was Johnson Construction's intent to look solely to Bituminous to defend against Peterman's claim. When Peterman's suit was filed, Ritchie tendered the defense of the lawsuit to Bituminous to act as Johnson Construction's sole primary carrier. Royal Insurance was to remain on notice as excess carrier only. Despite Johnson Construction's expressed desire that Bituminous provide exclusive coverage, Bituminous repeatedly requested Royal to participate in the defense and indemnity of the Peterman lawsuit. Royal refused.

Bituminous retained counsel on behalf of Johnson Construction and worked out a settlement agreement with Peterman. Upon completion of the settlement, Bituminous filed its complaint against Royal seeking one-half the amount it expended to defend and indemnify Johnson Construction. Bituminous claimed it was entitled to contribution from Royal based on principles of equity and subrogation.

The trial court agreed that Royal was obliged to contribute to the Peterman settlement but reached this conclusion based only on a construction of the language in the Bituminous policy. The trial court acknowledged an insured's right to select exclusive coverage from one of its insurers but found, based on a construction of the "transfer of rights" clause, that Johnson Construction unambiguously assigned to Bituminous its right to choose between two primary insurers. Thus, Bituminous had the right to trigger coverage from Royal and give effect to the "other insurance" clauses of both policies.

■ On cross-motions for summary judgment, the trial court found in favor of Bituminous and entered judgment against Royal in the amount of $26,251.34. On appeal, Royal contends the trial court erred in construing the "transfer of rights" clause and asks us to reverse the judgment of the trial court. It is well settled that appellate review of an order granting summary judgment is de novo. *Village of Hoffman Estates v. Cincinnati Insurance Co.*, 283 Ill. App. 3d 1011, 670 N.E.2d 874 (1996).

## ANALYSIS

### A. Right to Select Exclusive Coverage

In essence, the issue on appeal is the scope of an insured's right to elect exclusive coverage from one of its insurers by tendering the defense and indemnity of a claim to one insurer and not the other, and thereby foreclose the settling insurer from obtaining contribution from the nonsettling insurer. Royal contends that an insured has the right to select exclusive coverage and that such election can foreclose an insurer's right to contribution. Bituminous argues that its right to equitable contribution cannot be disclaimed by the insured in an attempt to elect exclusive coverage and, further, contends that an insured's right to select can be affected by operation of various clauses in the insurance policy, namely, the "other insurance" clause and the "transfer of rights" clause.

The apparent conflict between the insured's right to elect and the insurer's right to equitable contribution has already been addressed and settled in favor of the insured in *Institute of London Underwriters v. Hartford Fire Insurance Co.*, 234 Ill. App. 3d 70, 599 N.E.2d 1311 (1992). The facts of *Institute* are strikingly similar to the instant case.

In *Institute*, Great Lakes was insured by Hartford and was an additional insured under Institute's policy. A lawsuit was filed against Great Lakes and Great Lakes tendered the defense exclusively to Institute. Great Lakes notified Hartford of the claim but unequivocally instructed Hartford not to respond to the claim. Instead, Great Lakes requested Institute to provide exclusive defense and indemnification. After settling the underlying action, Institute requested that Hartford contribute half of the settlement.

The court rejected Institute's request for contribution and found it inequitable to require Hartford to reimburse Institute for a claim that Hartford had no obligation to pay to its insured. *Institute*, 234 Ill. App. 3d 70, 599 N.E.2d 1311. Hartford's duty to perform under its policy or to contribute to a settlement procured by Institute was excused by Great Lakes' exclusive tender to Institute. *Institute*, 234 Ill. App. 3d 70, 599 N.E.2d 1311.

■ This conclusion was affirmed by the Illinois Supreme Court in the recent case of *Cincinnati Cos. v. West American Insurance Co.*, 183 Ill. 2d 317 (1998), which was decided during the pendency of this appeal. The court established in *Cincinnati* that, where the insured has not knowingly decided against an insurer's involvement, an insurer's duty to defend is triggered by actual notice of a claim against its insured regardless of the level of the insured's sophistication. In reaching this decision, the supreme court recognized the line of cases which upheld the right of the insured to designate which of its insurers should defend and cited extensively to the *Institute* case.

"Where the insured makes such a designation, the duty to defend falls solely on the selected insurer. That insurer may not in turn seek equitable contribution from the other insurers who were not designated by the insured. [Citation.] This rule is intended to protect the insured's right to knowingly forgo an insurer's involvement. [Citation.]" *Cincinnati*, 183 Ill. 2d at 324.

We believe the supreme court has firmly established an insured's right to select exclusive coverage. Furthermore, it is also evident that once an insured has instructed an insurer not to involve itself in the defense or indemnification of a claim, that insurer "would then be relieved of its obligation to the insured with regard to that claim." *Cincinnati*, 183 Ill. 2d at 326.

In accord with the controlling authority established in *Cincinnati*, we hold that Johnson Construction was entitled to request exclusive coverage from Bituminous. Furthermore, since Johnson Construction knowingly chose to forego Royal's assistance, we find that Royal's policy was not triggered and Royal was effectively relieved of its obligation with regard to the Peterman lawsuit.

## B. Equitable Contribution

We are unpersuaded by Bituminous' contention that the doctrine of equitable contribution requires Royal to contribute to the settlement procured by Bituminous. The evidence is uncontroverted that the insured, Johnson Construction, chose to forego Royal's assistance. As such, Bituminous, a rival insurer, cannot invoke the doctrine of equitable contribution in an attempt to trigger coverage from Royal. Our holding is consistent with the principles set forth in *Institute*, where the court disallowed Institute's request for contribution because it was "not sufficient to trigger Hartford's obligation to contribute where Hartford's insured never asked it to defend or indemnify." *Institute*, 234 Ill. App. 3d at 75, 599 N.E.2d at 1314.

Moreover, we believe that once Johnson Construction designated Bituminous to provide exclusive coverage for the Peterman claim, Bituminous was precluded from seeking equitable contribution from Royal. This is clearly in accord with the intention of the *Cincinnati* court to protect the insured's right to select. If Bituminous were allowed to circumvent the insured's express intent by invoking the doctrine of equitable contribution, then the insured's right to select would be illusory.

## C. The "Other Insurance" Clause

■ Bituminous also contends that the "other insurance" clauses found in both policies contemplate that all of the available coverages will be made available for any given occurrence. Bituminous maintains that the absence of an "other insurance" clause in Institute's policy was a dispositive factor in that case and argues that the presence of an "other insurance" clause in its policy mandates a different result here.

We disagree with Bituminous' contention that the "other insurance" clause in its policy operates to activate coverage from coinsurers, even in light of *John Burns Construction Co. v. Indiana Insurance Co.*, 299 Ill. App. 3d 169 (1998). According to the *Burns* opinion, when Burns Construction tendered the claim to Indiana Insurance, the "other insurance" clause in Indiana's policy was triggered, which in turn triggered the co-insurer's duty to defend and allowed Indiana to seek contribution from the other insurer. *Burns*, 299 Ill. App. 3d 169. In finding for Indiana, the *Burns* court found a dispositive difference between the *Institute* case, where Institute did not have an "other insurance" clause in its policy, and the case before it, where Indiana Insurance did have an "other insurance" clause in its policy. The *Burns* court reasoned that "[w]ere we to hold otherwise, the 'other insurance' clause would be judicially written out of Indiana's policy." *Burns*, 299 Ill. App. 3d at 175.

We decline to follow *Burns* for several reasons. Since *Burns* was issued without the benefit of the supreme court's holding in *Cincinnati*, we believe the *Burns* court will be compelled to reach a different conclusion. Moreover, we disagree with the underlying premise in *Burns* that the absence of an "other insurance" clause in the Institute policy was dispositive to the holding in *Institute*. On the contrary, Institute failed to persuade the court that the "other insurance" clause of Hartford's insurance policy required Hartford to contribute to the settlement. In rejecting Institute's argument, the court held that an insurer's obligation under the "other insurance" clause did not exist until the insurer became obligated to pay or defend under the policy. Thus, "if the policy is never triggered, the issue of liability under the 'other insurance' clause does not arise." *Institute*, 234 Ill. App. 3d at 77, 599 N.E.2d at 1315.

It is only when an insurer's policy is triggered that the insurer becomes liable for the defense and indemnity costs of a claim and it becomes necessary to allocate the loss among co-insurers. The loss will be allocated according to the terms of the "other insurance" clauses, if any, in the policies that have been triggered. As discussed above, Royal's policy was not triggered and its obligation to defend and indemnify Johnson Construction with regard to the Peterman lawsuit was excused by the targeted tender to Bituminous.

Furthermore, only the insured or someone acting at the specific request of the insured can properly tender and trigger a defense. *Institute*, 234 Ill. App. 3d 70, 599 N.E.2d 1311. Coverage cannot be triggered by a tender from a rival insurer. *Empire Fire & Marine Insurance Co. v. Clarendon Insurance Co.*, 267 Ill. App. 3d 1022, 642 N.E.2d 790 (1994).

For these reasons, we reject Bituminous' contention that the "other insurance" clause in its policy empowers it to reach into Royal's insurance policy with Johnson Construction and thereby trigger coverage from Royal against the express wishes of the insured. Bituminous cannot trigger coverage from Royal nor can it avail itself of any rights under Royal's policy. Such a construction of the "other insurance" clause would transform Royal's insurance policy into a third-party beneficiary contract entered into by the insured, Johnson Construction, for the benefit of third parties. *Institute*, 234 Ill. App. 3d 70, 599 N.E.2d 1311. Clearly, Johnson Construction did not intend this result when it purchased coverage from Royal.

### D. The "Transfer of Rights" Clause

■ Nor are we persuaded, as was the trial court, that the "transfer of rights" clause operates to deprive the insured of its right to select between two primary carriers.

The "transfer of rights" clause contained in the policy issued by Bituminous provides as follows:

"Transfer of Rights of Recovery Against Others to Us.

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring 'suit' or transfer those rights to us and help us enforce them."

Bituminous argued, and the trial court agreed, that the effect of this contract language was an unambiguous assignment to Bituminous of Johnson Construction's right to choose between two primary insurance carriers. Thus, according to the trial court, Bituminous had obtained the right to trigger coverage from Royal. Once Royal's coverage was triggered, the "other insurance" clauses of both policies became operative and required Royal to contribute to the defense and settlement of the lawsuit.

We disagree that the transfer of rights operates to deprive the additional insured, Johnson Construction, of the right to choose which co-insurer will provide exclusive coverage on a particular claim. Instead, the "transfer of rights" clause is a subrogation clause which transfers to the insurer remedies that the insured may have against a tortfeasor. The clause entitles the insurer to stand in the shoes of the insured to recover against a tortfeasor those amounts paid to or on behalf of an insured. *Remsen v. Midway Liquors, Inc.*, 30 Ill. App. 2d 132, 174 N.E.2d 7 (1961). In other words, the clause transfers to the insurer the right to sue any party whom the insured could have sued. See Black's Law Dictionary 1427 (6th ed. 1990).

The concept of subrogation generally involves actions against tortfeasors and is inimical to Bituminous' claim for relief against Royal. Subrogation does not allow one insurer to proceed directly against another insurer for reimbursement of moneys paid on behalf of a common insured. The right of an insurer to be reimbursed by another does not lie in subrogation, but in contribution. *Royal Globe Insurance Co. v. Aetna Insurance Co.*, 82 Ill. App. 3d 1003, 403 N.E.2d 680 (1980). As discussed above, however, an insurer's right to contribution can be foreclosed by an insured's selection of exclusive coverage.

## CONCLUSION

We have carefully considered the other issues raised by the parties and believe that no further discussion is necessary. We hold that Johnson Construction is entitled to request exclusive coverage from Bituminous and that Bituminous is precluded from seeking contribution from Royal. Furthermore, we find that neither the "transfer of rights" clause nor the "other insurance" clause operates to deprive the insured of the right to select exclusive coverage.

We conclude that summary judgment in favor of Bituminous was based on an erroneous interpretation of the policy language. We reverse the trial court's judgment in favor of Bituminous and enter summary judgment in favor of Royal.

Reversed.

HOMER, P.J., and HOLDRIDGE, J., concur.