(No. 86552

JOHN BURNS CONSTRUCTION COMPANY *et al.*, Appellants, v. INDIANA INSURANCE COMPANY *et al.*, Appellees.

*Opinion filed January 21, 2000.—Rehearing denied April 3, 2000.*

Kralovec & Marquard, Chrtd., of Chicago (William E. Spizzirri and David T. Nani, of counsel), for appellants.

Mark E. Condon, Peter W. Schoonmaker and Richard J. Siebert, of Condon & Cook, of Chicago, for appellee Indiana Insurance Co.

Robert J. Franco and Julie M. Cho, of Bollinger, Ruberry & Garvey, of Chicago, for *amicus curiae* W.E. O'Neil Construction Co.

JUSTICE MILLER delivered the opinion of the court:
The plaintiffs, John Burns Construction Company and Royal Insurance Company, brought the present ac-

tion in the circuit court of Cook County seeking a determination of coverage under an insurance policy issued by defendant Indiana Insurance Company. The trial judge ruled in favor of Indiana, and Burns and Royal appealed. The appellate court affirmed the circuit court. 299 Ill. App. 3d 169. We allowed Burns and Royal's petition for leave to appeal (177 Ill. 2d R. 315(a)), and we now reverse the judgments of the courts below.

The procedural history of this case is uncomplicated and requires only a brief recitation here. John Burns Construction Company entered into a subcontract in October 1993 with Sal Barba Asphalt Paving, Inc., for Barba to pave a parking lot at a commuter railroad station in Harvard, Illinois. The agreement required Barba to maintain liability insurance for Burns. Pursuant to the contract, Barba arranged for Burns to be added to Barba's policy with defendant Indiana Insurance Company by way of an endorsement naming Burns as an additional insured. Burns' coverage under the Indiana policy took effect on July 5, 1994. In December 1994, following completion of the construction work, a person using the rail station, Sidney Gault, slipped and fell in the parking lot that Barba had paved. Gault subsequently sued Burns and several other defendants for his injuries, alleging, among other things, that the lot had been improperly paved; Barba was not named a defendant in the case.

By letter dated September 20, 1995, Burns informed Barba of Gault's suit and asked that Indiana defend and indemnify Burns in the action. Burns stated in the letter that it looked solely to Indiana for defense and indemnification. Burns further explained that, although it had notified its own insurer, Royal Insurance Company, of the action, Burns did not want Royal to become involved in the suit. Burns sent Royal a copy of this letter.

Indiana initially refused to defend Burns in the Gault

action. In a letter to Burns dated October 25, 1995, Indiana maintained that it did not have a duty to defend Burns because Gault's injuries were not sustained during the period of the contract for the paving work. In the wake of Indiana's refusal, Burns sought defense from Royal with regard to the Gault litigation.

Burns and Royal later filed the present action for a declaratory judgment in the circuit court of Cook County, seeking a declaration that Indiana alone had the duty to defend and indemnify Burns in the Gault action. Indiana, in its answer, said that it had "come to accept as plausible" Burns' contention that Indiana's obligations to Burns were controlled by the terms of the additional insured endorsement, rather than by the terms of the subcontract between Burns and Barba. In a counterclaim for declaratory judgment, filed with the answer, Indiana admitted that Burns was an additional insured under Barba's policy and allowed that it did have a duty to defend and indemnify Burns in the Gault litigation. Indiana asserted, however, that Royal was required to share the defense and indemnity duties, for the Indiana policy contained an "other insurance" provision. Indiana requested in the counterclaim that the court require Royal to contribute equally to Burns' defense and indemnification in the Gault matter.

Indiana later filed a motion for judgment on the pleadings, repeating its contention that Indiana and Royal should share equally the costs of defending and indemnifying Burns in the Gault litigation. Burns and Royal filed a motion for summary judgment, arguing that Burns was entitled to select which of the two insurers would bear the duties of defense and indemnity and that in this case Burns had chosen Indiana alone for those tasks. Following a hearing, the trial judge granted Indiana's motion for judgment on the pleadings and denied Burns and Royal's motion for summary judgment.

The judge held that the two insurance companies were required to contribute equally to Burns' defense and indemnification in the Gault litigation. The trial judge concluded that Royal's duty to defend was triggered when Burns tendered the case to it, after Indiana had initially refused to undertake Burns' defense.

Burns and Royal appealed. The appellate court affirmed the circuit court but relied on a different rationale. 299 Ill. App. 3d 169. The appellate court concluded that the initial tender by Burns to Indiana was sufficient to trigger the "other insurance" provision in the Indiana policy, which in turn activated Royal's duty to defend its insured. We allowed Burns and Royal's petition for leave to appeal (177 Ill. 2d R. 315(a)), and we now reverse the judgments of the courts below. We granted leave to W.E. O'Neil Construction Company to file an *amicus* brief in behalf of Burns. 155 Ill. 2d R. 345.

The policy language contained in Indiana's "other insurance" provision states, in pertinent part:

"4. Other Insurance.

If other valid and collectible insurance is available to the insured for a loss we cover under Coverage A or B of this Coverage Part, our obligations are limited as follows:

a. Primary Insurance

This insurance is primary except when (b) below applies. If this insurance is primary our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in (c) below.

\* \* \*

c. Method of Sharing

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach, each insurer contributes equal amounts until it has paid its applicable limits of coverage or none of the loss remains whichever comes first \*\*\*."

The question before us in this appeal is whether an insurer to whom litigation is tendered and whose policy

contains an "other insurance" clause like the one above may seek contribution from another insurer whose policy is in existence but whose coverage the insured has refused to invoke.

In the present case, Burns was covered by two insurance policies: its own, issued by Royal, and Barba's, issued by Indiana. Burns tendered the defense of the Gault litigation to Indiana and expressly directed its own insurer, Royal, not to become involved in the matter. Indiana should have defended and indemnified the claim, as it later acknowledged, but instead chose initially to deny coverage. Burns was then forced to tender defense of the claim to its own insurer, Royal. Burns and Royal contend that Burns was entitled to elect which insurer it wished to defend and indemnify the claim by tendering the defense to one insurer and not the other. Burns and Royal further assert that once Burns chose to submit the claim to Indiana alone, Indiana was precluded from obtaining contribution from Royal. Although Indiana now agrees that it has a duty to defend and indemnify Burns, it argues, in support of the appellate court judgment, that the "other insurance" provision contained in its policy allows it to seek contribution from Royal, without regard to Burns' election of coverage. Indiana maintains that its policy contemplates that more than one insurer might face exposure and that the policy provides a formula for sharing the costs of defending and indemnifying the claim.

We agree with Burns and Royal that Burns had the right to choose which insurer would be required to defend and indemnify it in Gault's action for personal injuries, and that nothing in the Indiana policy limited Burns' right to select which insurer would be required to do this. In *Cincinnati Cos. v. West American Insurance Co.*, 183 Ill. 2d 317 (1998), this court considered what is necessary to trigger an insurer's duty to defend, and held

that the duty arises with actual notice of a claim against an insured, regardless of the insured's level of sophistication. In reaching that result, the court acknowledged the line of authority that granted an insured the right to elect which of its insurers will defend a particular case. The court stated:

"Where an insured makes such a designation, the duty to defend falls solely on the selected insurer. That insurer may not in turn seek equitable contribution from the other insurers who were not designated by the insured. [Citation.] This rule is intended to protect the insured's right to knowingly forgo an insurer's involvement. [Citation.]" *Cincinnati Cos.*, 183 Ill. 2d at 324.

The court thus concluded that "an insured may knowingly forgo the insurer's assistance by instructing the insurer not to involve itself in the litigation. The insurer would then be relieved of its obligation to the insured with regard to that claim." *Cincinnati Cos.*, 183 Ill. 2d at 326.

The court in *Cincinnati Cos.* cited with favor *Institute of London Underwriters v. Hartford Fire Insurance Co.*, 234 Ill. App. 3d 70 (1992), an appellate court decision that presented circumstances similar to those of the case at bar. The *Institute* court addressed the issue whether an insured may elect which of two insurers will be required to defend and indemnify a claim when two insurance policies potentially apply. The appellate court held that an insured has the right to choose which policy will apply. In that case, the Institute of London Underwriters provided coverage to an injured party's employer as a named insured and to the employer's general contractor as an additional insured. A suit was filed against the general contractor by the estate of a fatally injured employee, and Institute accepted tender of this claim from the general contractor. The contractor informed its insurer, Hartford, of the pending claim but instructed Hartford not to contribute to the defense or

indemnification of the action. Institute later sued Hartford, seeking equitable contribution. Both the circuit court and the appellate court concluded that the claim for equitable contribution was defeated by the contractor's instructions to Hartford not to defend or indemnify the action. *Institute of London Underwriters*, 234 Ill. App. 3d at 73.

Indiana attempts to distinguish *Institute* by noting that the policy issued by Institute did not contain an "other insurance" provision and, therefore, Institute did not have a contractual right to involve Hartford. It was irrelevant that the Institute policy did not contain an "other insurance" clause, however. As the appellate court noted in *Institute*, the purpose of an "other insurance" clause is not to trigger coverage but to provide a method of apportioning coverage that would be triggered otherwise. *Institute of London Underwriters*, 234 Ill. App. 3d at 77 ("if the policy is never triggered, the issue of liability under the 'other insurance' clause does not arise").

In addition, two more recent cases involving "other insurance" clauses, decided since this court's decision in *Cincinnati Cos.*, have reached the same conclusion. In *Bituminous Casualty Corp. v. Royal Insurance Co. of America*, 301 Ill. App. 3d 720 (1998), a general contractor hired a subcontractor to perform work in the construction of a grocery store. The subcontract agreement required the subcontractor to name the general contractor as an additional insured under the subcontractor's liability insurance policy. An employee of the subcontractor was injured during the project and sued the general contractor, which tendered defense of the claim to the subcontractor's insurer, Bituminous Casualty Corp. Bituminous asked the general contractor's insurer, Royal Insurance Company, to participate in the defense, but Royal declined to do so. After the underlying action was

settled, Bituminous sought a declaratory judgment, asking the court to order Royal to pay one half of the costs of the action. The trial court agreed with Bituminous, but the appellate court reached the opposite conclusion. Citing *Institute of London Underwriters* and *Cincinnati Cos.*, the appellate court ruled that the general contractor was entitled to select one of the insurance companies to defend the action alone. The appellate court further rejected Bituminous' argument that, regardless of the general contractor's election, the presence of "other insurance" provisions in the two companies' policies entitled Bituminous to recover half the costs of the defense from the other insurer, Royal. The appellate court noted that the decision in *Institute of London Underwriters* did not turn on the presence or absence of an "other insurance" clause. The appellate court explained:

"It is only when an insurer's policy is triggered that the insurer becomes liable for the defense and indemnity costs of a claim and it becomes necessary to allocate the loss among co-insurers. The loss will be allocated according to the terms of the 'other insurance' clauses, if any, in the policies that have been triggered. As discussed above, Royal's policy was not triggered and its obligation to defend and indemnify Johnson Construction with regard to the Peterman lawsuit was excused by the targeted tender to Bituminous." *Bituminous Casualty Corp.*, 301 Ill. App. 3d at 726.

The same result was reached under similar circumstances in *Alcan United, Inc. v. West Bend Mutual Insurance Co.*, 303 Ill. App. 3d 72 (1999). As the appellate court in *Alcan United* explained:

"Thus, in accordance with *Bituminous Casualty* and *Institute of London*, we hold an 'other insurance' clause in a policy will not automatically reach into coverages provided under other policies merely because such other policies are in existence. The insured still must be given the right to determine whether it wishes to invoke its rights to such other coverages before those coverages become accessible

under the 'other insurance' provision of a triggered policy." *Alcan United*, 303 Ill. App. 3d at 81.

We agree with that interpretation and conclude that Indiana may not take advantage of the other insurance provision in its policy. The insurance provided to Burns by Royal was not "available," in the language of the other insurance provision, for Burns had expressly declined to invoke that coverage. Moreover, we do not believe that the presence of the "other insurance" provision in the Indiana policy serves by itself to trigger the coverage afforded by Royal's policy. An "other insurance" provision does not in itself overcome the right of an insured to tender defense of an action to one insurer alone.

As a final matter, Indiana asserts that Royal's policy was triggered when Burns notified Royal of the pending action. In support of this argument, Indiana cites *Cincinnati Cos.* for the proposition that actual notice to an insured is enough to trigger coverage of a claim. We believe that Indiana misreads our ruling in *Cincinnati Cos.* regarding notice. The court in that case established that when an insured has not knowingly decided against a particular insurer's involvement, that insurer's duty to defend is triggered by actual notice of a claim against its insured regardless of the level of the insured's sophistication. In the present case, however, Burns made clear that it did not want Royal to become involved in the matter and that the defense was being tendered solely to Indiana. Therefore, Indiana was foreclosed from seeking equitable contribution from Royal. When Burns tendered defense of the claim to Royal, it did so only after Indiana declined to represent Burns. Indiana cannot now take advantage of its own breach.

For the reasons stated, the judgments of the appellate court and circuit court are reversed.

*Judgments reversed.*