2-99-1259.rul

No. 2--00--0236

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

RICHARD MARKER ASSOCIATES and   ) Appeal from the Circuit 

RICHARD MARKER, ) Court of Du Page County.

) 

Plaintiffs, )

)  

v. ) No. 98--MR--522

)

PEKIN INSURANCE COMPANY, )

)

Defendant and Third-Party )

Plaintiff-Appellee ) 

) Honorable 

(Statewide Insurance Company, ) Bonnie M. Wheaton,

Third-Party Defendant-Appellant). ) Judge, Presiding. 
 

_________________________________________________________________

JUSTICE O’MALLEY delivered the opinion of the court:

Third-party defendant, Statewide Insurance Company (Statewide), appeals the judgment of the circuit court of Du Page County granting the summary judgment motion of third-party plaintiff, Pekin Insurance Company (Pekin).  We reverse and remand.

In October 1992, an action was brought by Leon Yuan, Angela Yuan, and Leon Yuan, Ph.D., D.D.S. Ltd. (Yuans) against Richard Marker and Richard Marker Associates (Marker).  In this lawsuit, the Yuans alleged breach of an architectural services agreement and breach of a construction contract on the grounds that Marker improperly designed and incorrectly constructed a building which was to contain the Yuans’ residence, dental offices, and laboratory.  The Yuans further alleged actual and constructive fraud and consumer fraud.

The Yuans' construction project had closed on February 3, 1992, and Marker had provided a warranty for one year thereafter.  Marker was insured by Pekin from August 25, 1991, to August 25, 1992, and by Statewide beginning on August 25, 1992.

Marker initially tendered defense of the cause of action to Pekin, which refused the tender.  As a result of this refusal, Marker retained counsel to represent him in the Yuans’ lawsuit.

Pekin filed a complaint for declaratory judgment on December 19, 1994, seeking a judicial determination that it was not required to defend or to indemnify Marker with respect to the Yuans' lawsuit.

In July 1995, the Yuans filed an "amended fourth amended complaint," and, on August 4, 1995, Marker tendered that complaint to Statewide for defense.  On December 7, 1995, Statewide refused Marker's tender on the ground that the policy held by Marker became effective after all but one of the allegations in the complaint occurred.  Statewide also refused the tender as being untimely.  On February 22, 1996, Statewide filed a complaint for declaratory judgment, seeking a judicial determination that it was not required to defend or indemnify Marker with respect to the Yuan lawsuit.

On May 8, 1996, the trial court granted Pekin’s motion for summary judgment in the declaratory judgment action brought by Pekin, and Marker appealed.  While the appeal was pending, the following occurred.  In June 1996, Marker settled the Yuans’ lawsuit.  On August 30, 1996, Marker withdrew his tender to Statewide.  On September 26, 1996, the trial court entered an agreed order in which it granted Statewide’s motion for voluntary nonsuit of its declaratory judgment action against Marker.

Marker’s appeal in the Pekin matter subsequently was decided on June 30, 1997.  See 
Pekin Insurance Co. v. Richard Marker Associates, Inc.
, 289 Ill. App. 3d 819 (1997).  In that case, we reversed the trial court and held that Pekin had a duty to defend Marker where the allegations of the underlying complaint filed by the Yuans potentially fell within the policy coverage.  
Pekin Insurance Co.
, 289 Ill. App. 3d at 823.

On July 10, 1998, Marker brought a complaint for declaratory judgment against Pekin seeking indemnification for the settlement of the Yuans' lawsuit, attorney fees, and costs.  Pekin denied that it owed Marker indemnification.  Additionally, Pekin filed a motion for leave to file a third-party complaint for declaratory judgment against Statewide, alleging that Statewide owed Pekin equitable contribution pursuant to the "other insurance" provision of Pekin’s insurance policy.  The trial court granted Pekin's motion to file the third-party complaint against Statewide.

Marker objected to Pekin’s motion on three bases.  First, Pekin breached its own duty to defend and, hence, was estopped from claiming entitlement to equitable contribution.  Second, assuming that Pekin and Statewide were co-primary insurers, Marker had elected that Pekin defend the Yuans' lawsuit and had withdrawn his tender to Statewide.  Therefore, Pekin was unable to seek equitable contribution from Statewide because Statewide’s policy was not available to Pekin for contribution.  Third, Pekin had not yet paid any losses claimed by Marker, rendering the request for equitable contribution premature.

Statewide filed an answer to Pekin's third-party complaint, denying that Pekin was entitled to equitable contribution.  Statewide also filed a motion for summary judgment against Pekin in which it alleged, 
inter
 
alia
, that it owed no duty of equitable contribution to Pekin because Marker had deactivated his tender to Statewide.  Pekin filed a cross-motion for summary judgment in which it responded that, as a matter of law, Statewide owed Pekin equitable contribution because the Statewide policy had been triggered and Marker's attempt to withdraw his tender to Statewide was of no legal consequence where he had settled the underlying lawsuit prior to the withdrawal.

The trial court granted Pekin's motion for summary judgment,  finding that "Statewide Insurance Company [was] liable to Pekin Insurance Company for equitable contribution during the period of August 4, 1995, through July 1, 1996."  The court also denied Statewide's motion for summary judgment and ruled that its order was appealable immediately pursuant to Supreme Court Rule 304(a).  155 Ill. 2d R. 304(a).  Statewide filed this timely appeal.

On appeal, the parties concede that Marker's letter of August 30, 1996, clearly indicated his intent to withdraw his tender of defense of the Yuans' lawsuit from Statewide.  Thus, the issues on appeal are whether Marker was capable of withdrawing his tender to Statewide after the Yuans' lawsuit was settled and whether Statewide's coverage of the Yuans' lawsuit was accessible for equitable contribution under the "other insurance" provision of the Pekin policy.  We agree with Statewide that the trial court, as a matter of law, incorrectly found that Pekin was entitled to equitable contribution from Statewide and, therefore, improperly granted Pekin's motion for summary judgment.  For the reasons that follow, we reverse the judgment of the trial court.

Summary judgment is proper when the pleadings, depositions, admissions of record, and affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2-1005(c)(West 1998); 
Loyola Academy v. S & S Roof Maintenance, Inc.
, 146 Ill. 2d 263, 271-72 (1992); 
Alcan United, Inc.  v. West Bend Mutual Insurance Co.
, 303 Ill. App. 3d 72, 77 (1999).  A motion for summary judgment is a drastic means of disposing of litigation and should be granted only when the right of the moving party is clear.  
Loyola Academy
, 146 Ill. 2d at 271; 
Schal Bovis, Inc. v. Casualty Insurance Co.
, 315 Ill. App. 3d 353, 364 (2000).  The standard of review is 
de novo
.  
Cincinnati Cos. v. West American Insurance Co.
, 183 Ill. 2d 317, 323 (1998).  In the case at bar, summary judgment would be appropriate only if, as a matter of law, Marker lost his right to forgo coverage under the Statewide policy when he tendered the defense to Statewide and then settled the underlying lawsuit prior to withdrawing his tender of defense.

Illinois courts have acknowledged as paramount an insured’s right to choose or knowingly forgo an insurer’s participation in a claim.  
John Burns Construction Co. v. Indiana Insurance Co.
, 189 Ill. 2d 570, 574 (2000); 
Cincinnati Cos.
, 183 Ill. 2d at 324;  
Dearborn Insurance Co. v. International Surplus Lines Insurance Co.
, 308 Ill. App. 3d 368, 374-75 (1999); 
Alcan United
, 303 Ill. App. 3d at 79; 
Institute of London Underwriters v. Hartford Fire Insurance Co.
, 234 Ill. App. 3d 70, 79 (1992).  The insured may choose to forgo an insurer's assistance for various reasons, such as the insured's fear that premiums would be increased or the policy canceled in the future, and this ability to forgo assistance should be protected.  
Cincinnati Cos.
 183 Ill. 2d at 326; 
Alcan United
, 303 Ill. App. 3d at 79.

Agreeing with a previous appellate case, 
Alcan United
, our supreme court in 
John Burns
 held that multiple policies must be triggered by the insured before the insurer on any of those policies can invoke its "other insurance" provision to apportion liability.  
John Burns
, 189 Ill. 2d at 577-78, citing 
Alcan United
, 303 Ill. App. 3d at 72.  The 
John Burns
 court observed that " 'an "other insurance" clause in a policy will not automatically reach into coverages provided under other policies merely because such other policies are in existence.  The insured still must be given the right to determine whether it wishes to invoke its rights to such other coverages before those coverages become 
accessible
 under the "other insurance" provision of a triggered policy.' "  (Emphasis added.)  
John Burns
, 189 Ill. 2d at 577-78, quoting 
Alcan United
, 303 Ill. App. 3d at 81.

In 
John Burns
, the supreme court refused to allow an insurer, Indiana Insurance Company (Indiana), to seek contribution from another insurer, Royal Insurance Company (Royal), through the "other insurance" provision in Indiana's policy.  
John Burns
, 189 Ill. 2d at 578.  The court noted that the insured refused to invoke its policy with Royal and expressly had directed Royal not to become involved in the defense at issue.  The insured subsequently did tender the defense to Royal but, as in the instant case, did so only after its chosen insurer, Indiana, had denied coverage.  Royal and the insured then sought a declaratory judgment that Indiana alone had the duty to defend and indemnify the insured.  Indiana moved for judgment on the pleadings, contending that Indiana and Royal should share the costs of defending and indemnifying the insured equally, notwithstanding the insured's election of coverage.

The supreme court rejected Indiana’s argument and, citing its own decision in 
Cincinnati Cos.
, held that nothing in the Indiana policy limited the insured’s right to select which insurer would be required to defend and indemnify it.  The court reasoned that the "other insurance" provision did not "in itself overcome the right of an insured to tender defense of an action to one insurer alone."
  
John Burns
, 189 Ill. 2d at 578.  The court thus held that the Royal insurance policy was not available for contribution, given that the insured expressly declined to invoke that coverage.  Further, the court noted that the only reason the insured previously had tendered defense to Royal was that Indiana declined to represent the insured.  In a situation similar to the case before us, the court declared that "Indiana cannot now take advantage of its own breach."  
John Burns
, 189 Ill. 2d at 578.

In 
Cincinnati Cos.
, the supreme court held that an insurer was relieved of its obligation to its insured where the insured instructed the insurer not to involve itself in the litigation.  
Cincinnati Cos.
, 183 Ill. 2d
 at 326.  The court upheld as paramount the right of the insured to elect which of its insurers would defend a particular claim, even against another insurer’s claim for equitable contribution:

"Where the insured makes such a designation, the duty to defend falls solely on the selected insurer.  That insurer may not in turn seek equitable contribution from the other insurers who were not designated by the insured. *** This rule is intended to protect the insured’s right to knowingly forgo an insurer’s involvement."  
Cincinnati Cos.
, 183 Ill. 2d at 324.

Similarly, in 
Bituminous Casualty Corp. v. Royal Insurance Co.
, 301 Ill. App. 3d 720, 725 (1998), the court held that Bituminous Casualty could not invoke the doctrine of equitable contribution in an attempt to trigger coverage under its "other insurance" provision where the evidence was uncontroverted that the insured chose to forgo the assistance of another insurer.

In 
Alcan United
, the court held that an "other insurance" provision in a policy will not automatically reach into coverages provided under other policies.  The court explained that an insured must be given the right to determine whether it wishes to invoke its rights to such other coverages before those coverages become accessible under the "other insurance" provision in a triggered policy.  
Alcan United
, 303 Ill. App. 3d at 81.  Alcan was listed as an additional insured by a subcontractor that was to perform work for Alcan.  The subcontractor arranged for West Bend Mutual Insurance Company to provide the insurance.  An employee of the subcontractor was injured and sued Alcan, which forwarded the lawsuit to its insurance broker, which, in turn, forwarded the suit to Reliance National Insurance Company, which undertook Alcan’s defense.  Through a third-party claims adjuster, Reliance tendered the lawsuit for full defense and indemnification to West Bend.  West Bend did not respond to the tender, and Alcan brought a complaint for declaratory judgment against West Bend.  In his deposition Alcan’s president made plain his intention for West Bend, not Reliance, to defend exclusively and indemnify Alcan.  The court held that West Bend could not seek contribution from Reliance, pursuant to West Bend’s "other insurance" provision, because Alcan did not choose contemporaneous coverage from both West Bend and Reliance.  
Alcan United
, 303 Ill. App. 3d at 82.

The court expressly rejected West Bend's claim that Alcan could not 
deactivate
 its other insurance coverage to negate the "other insurance" policy clause and instead reemphasized that an insured has a paramount right to choose or not to choose an insurer's participation in a claim.  The insured's right to choose encompasses the right to deactivate coverage with an insurer previously selected for purposes of invoking exclusive coverage with another insurer.  
Alcan United
, 303 Ill. App. 3d at 82;  accord 
John Burns
, 189 Ill. 2d at 577-78.

In light of these principles of law, we conclude that Marker had not relinquished his right to forgo Statewide’s coverage, and we reject Pekin’s position that Marker’s withdrawal of his tender of defense to Statewide was of no legal consequence.  Marker clearly possessed the right to forgo Statewide’s coverage of the Yuans’ lawsuit and, as the parties have conceded, manifested this desire in his letter of August 30, 1996.  Because his right to forgo coverage with Statewide included an ability to deactivate the coverage, Marker was not precluded from withdrawing his tender of defense simply because a tender was made.  
Alcan United
, 303 Ill. App. 3d 72 (1999).  Nor can it be said under the above principles that Marker’s right to forgo Statewide’s coverage was relinquished simply because the Yuans' lawsuit was settled.  Marker chose to forgo Statewide’s assistance, and, therefore, Pekin is not entitled to contribution from Statewide.

Pekin, however, urges this court to impose a limit on the right of an insured to choose or knowingly forgo an insurer’s participation in a claim in instances where prejudice to another insurer results from such an election.  Pekin argues that it was prejudiced because Marker’s withdrawal of his tender to Statewide was an unfair attempt to hold Pekin solely responsible, without benefit of equitable contribution, for Marker’s defense and indemnification.   However, prejudice inescapably results when an insured elects coverage for a claim with one insurer and knowingly forgoes the coverage of another insurer.  In spite of this prejudice, our courts have chosen to protect the insured’s right to choose or knowingly forgo coverage.

Moreover, the law is clear that an insurer that is obligated to defend its insured is responsible for the total indemnity and defense costs of a claim.  
Zurich Insurance Co. v. Raymark Industries, Inc
., 118 Ill. 2d 23, 56 (1987); 
Bedoya v. Illinois Founders Insurance Co.
, 293 Ill. App. 3d 668, 674-75 (1997).  As pointed out by the court in 
Cincinnati Cos.
, 183 Ill. 2d at 327, an insurer's liability results from the insurance contract, for which the insurer receives consideration.  We held that Pekin had a duty to defend Marker in 
Pekin Insurance Co.
, 289 Ill. App. 3d at 823.  Therefore, as a matter of law and irrespective of the existence of other insurance, Pekin clearly possessed the responsibilities attendant to its duty to defend Marker.

Pekin also argues that somehow the circumstances were "manipulated" unfairly by others to its detriment.  We find no merit to this contention.  In this case, Marker tendered defense of the Yuans' lawsuit to both Pekin and, subsequently, Statewide.  Both Pekin and Statewide refused Marker's tender.  Both filed for declaratory judgments, each seeking a judicial determination that it was not required to defend or to indemnify Marker as to the Yuans' claims.  As of June 1996, while continuously being denied requested assistance from each insurer, Marker settled the Yuans' lawsuit.  Marker did so at a time when the trial court in the Pekin declaratory action had ruled that Pekin had no duty to defend Marker and when the trial court in the Statewide declaratory action had not rendered its determination as to Statewide's duty, if any, to Marker.  Under these circumstances, Marker elected to forgo insurance coverage regarding the Yuans' lawsuit under the policy with Statewide and to pursue coverage under the policy with Pekin.

It was not unreasonable or "manipulative" for Marker to settle the case under these circumstances.  He alone was left to decide the course of the litigation due to the refusal of either insurance company to assist him.  He possessed the right to forgo Statewide's insurance coverage if he so desired.  As Pekin itself notes, only Marker was at risk by withdrawal from Statewide's potential coverage at a time when he had settled the case and the trial court had ruled that Pekin was not liable for Marker's defense or indemnification.

In light of our holding, we need not address Statewide’s remaining allegation on appeal that Pekin failed to establish that Statewide had a duty to defend and indemnify Marker.  Coverage under Statewide’s insurance policy was not accessible under the "other insurance" provision of Pekin’s insurance policy because Marker had elected to forgo coverage under Statewide’s policy.

Accordingly, for the foregoing reasons, we reverse the judgment of the circuit court of DuPage County granting Pekin’s motion for summary judgment and remand the cause for further proceedings consistent with this order.

Reversed and remanded.

COLWELL, P.J., and RAPP, J., concur.