2022 IL App (2d) 210188-U
No. 2-21-0188
Order filed January 28, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY, | ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff and Counterdefendant and, Third-Party Plaintiff-Appellant, | ) ) ) | |
| v. | ) ) | No. 19-MR-808 |
| JUDLAU CONTRACTING, INC. and GERALD SEVER, | ) ) ) | |
| Defendants, | ) ) | |
| (Judlau Contracting, Inc., Counterplaintiff-Appellee; West Bend Mutual Insurance Company, Third-Party Defendant and Counterplaintiff-Appellee; Cincinnati Specialty Insurance Company, Third-Party Defendant). | ) ) ) ) ) ) ) | Honorable Paul M. Fullerton, Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Hudson and Birkett concurred in the judgment.

**ORDER**

¶ 1 *Held*: Circuit court did not err in determining that plaintiff insurance company was obligated to provide defense to defendant on a primary, noncontributory basis.

¶ 2 This case involves an insurance coverage dispute. A worker on a construction site that the defendant Judlau Contracting, Inc. oversaw was injured. After that worker filed a personal injury

complaint against Judlau, Judlau sought defense coverage from the plaintiff, Westfield Insurance Company. Westfield responded by filing a declaratory judgment action alleging that it did not owe Judlau a defense. Judlau filed a counterclaim against Westfield seeking a declaration that Westfield did owe a duty to defend. The circuit court of Du Page County granted Judlau judgment on the pleadings, finding that Westfield was obligated to provide a defense to Judlau in the underlying lawsuit on a primary, noncontributory basis. The circuit court also entered an order pursuant to Supreme Court Rule 304 (eff. March 8, 2016) that there was no reason to delay enforcement or appeal of its order. Westfield then filed a third-party complaint against West Bend Mutual Insurance Company and Cincinnati Insurance Company, claiming that Westfield's insurance coverage was "excess by coincidence" to the coverage provided to Judlau as an additional insured by West Bend and Cincinnati Insurance.[1] West Bend filed a counterclaim for declaratory judgment, arguing that Westfield's policy was primary to and noncontributory with any coverage provided by West Bend. The circuit court granted West Bend judgment on the pleadings and entered an order pursuant to Supreme Court Rule 304. Westfield now appeals from the circuit court's orders in favor of Judlau and West Bend, raising several meritless contentions.

¶ 3     On November 15, 2017, while working on a construction site near the I-294 southbound to I-80 eastbound ramp from Dixie Highway in Harvey, Gerald Sever was struck by an automobile driven by Porscher Ellerbe. At the time of the accident, Sever was employed by Quality Saw and Seal, Inc., a subcontractor on the construction project that was overseen by Judlau. Judlau and Quality Saw had previously entered a written contract which required Quality Saw to obtain

_____

[1] No briefing occurred between Cincinnati and Westfield, and the case against Cincinnati remains pending.

insurance on its behalf which would be "primary and noncontributory." Quality Saw purchased such a policy from Westfield.

¶ 4 After Sever filed his personal injury complaint against Judlau, Judlau target-tendered its defense and indemnity against the Sever lawsuit to Quality Saw and Westfield on a primary and noncontributory basis. Westfield responded to Judlau's target tender by filing a declaratory judgment action alleging that Westfield did not owe Judlau a defense as an additional insured. The circuit court rejected Westfield's argument and entered judgment on behalf of Judlau.

¶ 5 Westfield raises two arguments directed against the circuit court's judgment as to Judlau. First, Westfield asserts that there is no basis to establish that Judlau was intended to be an additional insured in the contract between Judlau and Quality Saw. Reading sections 13 and 14 of the Judlau-Quality Saw contract together, it is apparent that Judlau was intended to be an additional insured under the Westfield policy that Quality Saw procured. However, Westfield insists that section 13 is void because it requires Quality Saw to indemnify Judlau for Judlau's own negligence, which is contrary to public policy. Westfield points out that section 13 identifies who the "Indemnified Parties" are, with one of the entities being Judlau. In section 14, Westfield asserts that the contract does not specify who the additional insureds are intended to be other than they are the "Indemnified Parties," which is a reference to those identified in section 13. Westfield maintains that because section 13 is completely void, it is impossible to determine who the "Indemnified Parties" in section 14 are. Thus, Westfield insists that there is nothing in the contract to establish that Judlau was intended to be an additional insured.

¶ 6 We reject Westfield's argument for two reasons. First, even if the indemnity provisions in section 13 are void, there is no need to excise that entire section from the contract. *Braye v. Archer-Daniels-Midland Co.*, 175 Ill. 2d 201, 217 (1997) (construction of contract that renders the

agreement enforceable rather than void is preferred). There is nothing contrary to public policy about section 13 identifying who Quality Saw and Judlau sought to be indemnified. Second, even if the indemnity provisions in section 13 were void, that would have no impact on the insurance provisions in section 14. That is because a promise to obtain insurance is different from a promise to indemnify (*W.E. O'Neil Construction v. General Casualty*, 321 Ill. App. 3d 550, 556-57 (2001)) as it advances the public policy of ensuring compensation for injured workers (*Bosio v. Branigar Organization, Inc.*, 154 Ill. App. 3d 611, 614 (1987)). Westfield's reliance on *Transcontinental Insurance Co. v National Union Fire Insurance Co.*, 278 Ill. App. 3d 357, 365 (1996) and *Hodges v. Archer Daniels Midland Co.*, 2020 WL 5578427, *1 (C.D. 2020), is misplaced as both cases involved a general contractor seeking indemnity from a subcontractor for the general contractor's negligence.

¶ 7    Westfield's second argument is that there is no factual basis to trigger additional-insured status for Judlau under the business auto coverage form of the Westfield policy. Westfield contends that it did not owe any coverage under the policy because the vehicle that struck Sever was not owned, operated, or maintained by Quality Saw.

¶ 8    Westfield's business auto coverage policy sets forth that it provides coverage to any "Insured" for an accident resulting from the "ownership, maintenance or use of a covered 'auto.'" Item Two of the Declarations describes what is a "covered auto," and contains the symbol "1" under "Auto Designation Symbol," which the policy defines as "Any Auto." As such, the Westfield policy promises automobile liability coverage to any "Insured" for an accident resulting from the ownership, maintenance, or use of "Any Auto."

¶ 9    Judlau qualifies as any "Insured" for two reasons. First, the "Business Auto Endorsement" broadens the "Who Is An Insured" provision by making an "Insured" any organization to which

Quality Saw agreed in a written contract to provide insurance. Second, Paragraph C of the "Who is Insured" provision provides coverage to Judlau to the extent of its liability for the acts of Quality Saw.

¶ 10    As such, based on the language of Westfield's policy, the Judlau-Quality Saw contract, and the allegations of the complaint in the Sever lawsuit, Westfield owed a duty to defend Judlau. The circuit court therefore properly granted Judlau judgment on its counterclaim that Westfield owed it a duty to defend.

¶ 11    In so ruling, we are unpersuaded by Westfield's reliance on *Cincinnati Insurance Co. v. Moen*, 940 F. 2d 1069, 1074 (7th Cir. 1991). That case did not involve a business auto coverage policy and the insurer's promise to cover "any auto."

¶ 12    We next turn to Westfield's arguments against West Bend. After the circuit court determined that Westfield had to defend Judlau, Westfield filed an action against West Bend arguing that West Bend should be obligated to defend Judlau instead. The circuit court rejected that argument and entered judgment in favor of West Bend.

¶ 13    On appeal, Westfield argues that its policy is excess by coincidence to coverage provided by West Bend. A policy that is excess by coincidence means that the insurance provided under one policy that would otherwise be primary is excess because that policy contains an "other insurance" clause stating that the policy is excess based on the happening of certain circumstances set forth in the policy. *River Village I, LLC v. Central Insurance Companies*, 396 Ill. App. 3d 480, 487 (2009). "In such instances, the 'other insurance' excess provision requires the insured to exhaust the policy limits of the other co-insurers before being able to trigger a defense and indemnification duty in that insurer." *Id.* Whether a policy will apply on a primary basis or excess

basis is based on the language of the insurance contract. *Federal Insurance Co. v. St. Paul Fire and Marine Insurance Co.*, 271 Ill. App. 3d 1117, 1122 (1995).

¶ 14    In determining whether Westfield's policy applies on a primary or excess basis, we look to two key provisions of the Westfield policy. The first provision states:

> "Primary and Noncontributory—Other Insurance Condition
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
>
> The following is added to the Other Insurance and supersedes any provision to the contrary:
>
> Primary and Noncontributory Insurance
>
> This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:
>
> > (1) The additional insured is a Named Insured under such other insurance; and
> >
> > (2) You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured."

¶ 15    The Judlau-Quality Saw Contract complies with subparagraph (2) of this endorsement. However, as Judlau is not a named insured under the West Bend policy, it does not comply with subparagraph (1) of the endorsement.

¶ 16    The second relevant provision in the Westfield policy is contained in the Contractor Series Endorsement. Section L of the Contractor Series Endorsement provides:

> "Other Insurance Condition Amended

When required by written contract with any additional insured owner, lessee, or contractor to provide insurance on a primary and noncontributory basis, Condition 4 [other insurance of Section IV, Commercial General Liability Conditions] is deleted and replaced by the following:

4. Other Insurance

If other valid and collectible insurance is available for a loss we cover under Coverage A [bodily injury] or B [property damage] of this Coverage Part, our obligations are limited as follows:

   a. Primary Insurance

   This insurance is primary and noncontributory except when b. below applies.

   b. Excess Insurance"

Section "b" then lists four conditions when Westfield's insurance would be considered excess. Westfield does not argue that any of those conditions apply in this case.

¶ 17 The first relevant provision indicates that Westfield's policy applies on an excess basis because not all the conditions necessary for it to apply on a primary basis exist. However, the second relevant provision clearly indicates that the Westfield policy is to apply on a primary basis. The circuit court resolved this inconsistency by determining that the second provision was more specific than the first provision because the latter provision was in Westfield's signature series of endorsements that provides expanded coverage for contractors such as Judlau. We agree with the circuit court. It is well established that, where an inconsistency exists in a contract, a more specific provision controls over a more general one. *Nationwide Mutual Fire Insurance Co. v. T & N Master Builder & Renovators*, 2011 IL App (2d) 101143, ¶ 25. As the Contractor's Endorsement

was added to comply with the Judlau-Quality Saw contract, that is the more specific provision and obligates Westfield to provide insurance on a primary and noncontributory basis. *Id.*

¶ 18 In so ruling, we reject Westfield's argument that the first provision controls because it includes language that it "supersedes any provision to the contrary." In making this argument, Westfield overlooks that the first provision also indicates that it is modifying the Commercial General Liability Coverage Part and the Products Completed Operations Liability Coverage Part. The first provision makes no reference whatsoever to the second provision found in the Contractor's Endorsement. To read the first provision as expansively as Westfield suggests would essentially render the second provision superfluous. That we cannot do. See *Old Second National Bank v. Indiana Insurance Co.*, 2015 IL App (1st) 140265, ¶ 19 (court will not interpret an insurance policy in such a way that any of its terms are rendered meaningless or superfluous).

¶ 19 Finally, we note that Westfield dedicates significant time to explaining why West Bend's policy should be found to be the primary insurance for Judlau. We need not delve into Westfield's argument on this point because even if were to find that the West Bend policy was primary, that would just make West Bend's policy co-primary to Westfield's. Under the target tender rule, the fact that Judlau tendered its defense to Westfield does not give Westfield a cause of action against West Bend. See *John Burns Construction Co. v. Indiana Insurance Co.*, 189 Ill. 2d 570, 578 (2000).

¶ 20 For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 21 Affirmed.